IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                        Plaintiff,

    v.                                                                    OPINION and ORDER

JAMES VINSON,                                             20-cr-13-jdp

                      Defendant.

---

    This is another case calling for the alchemy of *Taylor/Mathis* categorical analysis to determine whether a prior conviction is a predicate offense for a statutory sentence enhancement. Defendant James Vinson is charged in a one-count information with possession with intent to deliver 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Dkt. 16. Ordinarily the prison term for this crime is five to 40 years.

    But this is not Vinson's first drug conviction. The government has filed an information under 21 U.S.C. § 851 to inform Vinson and the court that the government will rely on a prior conviction to enhance Vinson's penalty. Dkt. 17. The government cites Vinson's conviction in La Crosse County, Wisconsin, Case No. 16CF376, in which Vinson was convicted for possession with intent to deliver amphetamine, in violation of Wis. Stat. § 961.41(1m)(e). If this conviction qualifies as a "serious drug felony," as the term is used in 21 U.S.C. § 841(b), then Vinson faces a prison term of ten years to life.

    Vinson entered a plea agreement and the parties prepared for a combined plea and sentencing hearing on the assumption that the La Crosse County conviction was a serious drug felony and that Vinson faced the ten-year mandatory minimum. At the hearing, the court asked

the parties to address how *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), would affect the analysis of the La Crosse County conviction.

In *Ruth*, the court of appeals applied the *Taylor* categorical approach to hold that an Illinois conviction for possession with intent to deliver cocaine was not a "felony drug offense." As defined in 21 U.S.C. § 802(44), felony drug offense relates to "narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." Those drugs, in turn, are defined under the federal Controlled Substances Act. But the Illinois statute covered substances not regulated under the Controlled Substances Act. Specifically, Illinois defined cocaine to include optical, positional, and geometric isomers of cocaine, but the Controlled Substances Act includes only the optical and geometric isomers. So, the *Ruth* court concluded, the Illinois conviction did not support the enhanced penalty under 21 U.S.C. § 841(b)(1)(C). The Wisconsin statute that deals with amphetamine and methamphetamine, Wis. Stat. § 961.41(1m)(e), incorporates by reference a list of 40 substituted cathinones in § 961.14(7)(L). As a result, the Wisconsin statute covers nearly 50 substances, so it might pose the same problem as the Illinois statute. The parties have submitted briefs on the matter. Dkt. 35; Dkt. 36.

With the benefit of research from the DEA, the government concedes that the Wisconsin statute includes substances that are not regulated under the Controlled Substances Act. Dkt. 35, at 6–7. But the government argues that the Wisconsin statute is divisible, which would allow for the *modified* categorical approach. *See Descamps v. United States*, 570 U.S. 254, 257 (2013). Under that approach, the court may consult a limited set of documents, including the complaint and the judgment of conviction, to determine which substance was the basis for Vinson's conviction. *Shepard v. United States*, 544 U.S. 13, 20 (2005). Those documents would

show that Vinson was convicted of distribution of "methamphetamine." The next question is whether methamphetamine is defined more broadly under Wisconsin law than it is under federal law. *See United States v. De La Torre*, 940 F.3d 938, 948 (7th Cir. 2019) (holding that Illinois methamphetamine is broader than federal methamphetamine). The government contends that Wisconsin law and federal law match on the definition of methamphetamine, a point Vinson does not contest.

But Vinson contends that the Wisconsin statute is not divisible in the first place, so the government's concession that Wis. Stat. § 961.41(1m)(e) includes substances not regulated under the Controlled Substances Act is the end of the matter. The court agrees.

A statute is divisible if it states one or more elements of the offense with alternative means of committing the crime. *Ruth*, 966 F.3d at 648. Another way of explaining this is that the jury must be unanimous that each element is proven, but it does not need to be unanimous on the means by which the element is accomplished. So, applied to the matter at hand, the question is whether under § 961.41(1m)(e) the specific controlled substance is an element of the crime on which the jury must be unanimous, or merely one of the alternative means of accomplishing the element. State law governs that question. *See United States v. Elder*, 900 F.3d 491, 502 (7th Cir. 2018). Under Wisconsin law, a court determines whether a statute creates multiple offenses by considering four factors: (1) the statutory text; (2) the legislative history and context of the statute; (3) the nature of the conduct; and (4) the appropriateness of multiple punishments. *State v. Derango*, 2000 WI 89, ¶¶14–15, 236 Wis. 2d 721, 613 N.W.2d 833.

The government doesn't take the *Durango* approach. Instead, it relies primarily on the Wisconsin pattern jury instruction, Wis. JI-Criminal 6035. This instruction states the second

3

element of a charge under § 961.41(1m) as "The substance was (name controlled substance)." Dkt. 35, at 8. The instruction is suggestive because it requires the jury to identify the specific controlled substance rather than to find simply that it was some controlled substance. But the instruction provides limited guidance because it isn't clear why the instruction is phrased that way. It may simply be a way to ensure that the jury decides which category of controlled substance was possessed to fit the charge into one of the statutory paragraphs. Methamphetamine, for example, is among the substances in paragraph (e), whereas cocaine is among those in paragraph (cm). The penalty for a given weight varies between the paragraphs, so which paragraph applies has to be based on a jury finding. The pattern jury instruction is not so unequivocal and authoritative as to resolve the matter of whether the statute requires jury unanimity on the specific substance within a statutory paragraph.

The government also says that its divisibility analysis is supported by *Leonard v. Warden, Dodge Corr. Inst.*, 631 F. Supp. 1403, 1409 (E.D. Wis. 1986), *aff'd*, 819 F.2d 1143 (7th Cir. 1987), and *Melby v. State*, 70 Wis.2d 368, 234 N.W.2d 634 (1975). Both these cases hold that a defendant who possesses two different controlled substances at the same time may be charged with two separate crimes. The reasoning of both cases was based, essentially, in a basic *Blockburger* analysis. *See Blockburger v. United States*, 284 U.S. 299 (1932). The illegality of each controlled substance had to be separately established, and so each charge required proof of different facts. Because each charge required proof of a different fact, the multiple convictions did not violate the Double Jeopardy Clause. *Leonard* and *Melby* deal with the question of what conduct can permissibly charged as a separate count. The cases do not address the question at issue here, which is whether jury unanimity was required as to the specific controlled substance.

Vinson's argument focuses on the first *Durango* factor, the statutory text. The court agrees that the factor supports Vinson's position. The structure of § 961.41(1m)(e) does not suggest that it is divisible. The statutory paragraph is not further subdivided, and the possession of any of the substances gets the same penalty, depending on the weight possessed. The substituted cathinones listed in § 961.14(7)(L) are separately enumerated, but that doesn't change the basic structure of § 961.41(1m)(e). This statute looks a lot like the one at issue in *Ruth*, which the court of appeals thought was "clearly indivisible." *Ruth*, 966 F.3d at 650. And it's useful to compare the structure of § 961.41(1m)(e) to that of § 943.10(1m), the burglary statute that the Wisconsin Supreme Court held to be indivisible in *United States v. Franklin*, 2019 WI 64, ¶ 4, 387 Wis. 2d 259, 263, 928 N.W.2d 545, 548. The various locations in § 943.10(1m) are set out in separate subparagraphs, (a) through (f), and yet those were held to be alternative means on which jury unanimity was not required. If § 943.10(1m) is not divisible, it's hard to see how § 961.41(1m)(e) would be.

Neither side addresses the other *Durango* factors, so the court won't either.

The court concludes that Wis. Stat. § 961.41(1m)(e) is not divisible. Because the government concedes that the statute criminalizes substances that are not regulated under the Controlled Substances Act, Vinson's conviction in La Crosse County, Wisconsin, Case No. 16CF376 is not a serious drug felony as that term is used in 21 U.S.C. § 841(b).

ORDER

IT IS ORDERED that:

1. The probation office should revise the presentence report in light of the court's decision by October 14, 2020.

2. The parties should, by October 16, 2020, inform the court whether they will proceed with the plea and sentencing.

Entered October 9, 2020.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge